UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA *ex rel.*
CATHERINE MCDERMOTT,

    Plaintiff,

v.                                                     Case No. 8:16-cv-1399-T-35AEP

GERIATRICS PSYCHOLOGICAL
SPECIALISTS, INC., *et al.*,

    Defendants.
_____/

# **ORDER**

Relator initiated this action under seal against Defendants, asserting that Defendants submitted false or fraudulent claims for payment to the Medicare program in violation of the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.* (Doc. 1). After the United States filed its notice that it would not intervene (Doc. 15), the district judge unsealed the case and directed Relator to serve a copy of the Complaint upon Defendants (Doc. 16). Following that, Relator sought several extensions to serve Defendants GPS II, LLC ("GPS II") and Dr. John McDonough ("Dr. McDonough"), each of which the Court granted (*see* Docs. 18, 19, 22, 23, 25, & 26). Finally, after several failed attempts to serve GPS II and Dr. McDonough, Relator moved for an extension of time in which to engage in substituted service on those Defendants (Doc. 34). Upon consideration, the Court granted Relator's request for an extension to engage in substituted service (Doc. 35).

Subsequently, Relator sought an extension of time to submit the notification of the Secretary of State's acceptance of substituted service on behalf of GPS II and Dr. McDonough (Doc. 44). The Court granted Relator's request and permitted Relator to file the Secretary of

State's acceptance or denial of substituted service within seven days of receipt of the notification of acceptance or denial (Doc. 45). Relator then filed the acceptance of service by the Secretary of State on behalf of both GPS II and Dr. McDonough along with the summonses issued on July 29, 2019 (Doc. 49). Notwithstanding the substituted service, neither GPS II nor Dr. McDonough appeared or otherwise responded to the Complaint. As a result, Relator now moves for entry of a default against GPS II and Dr. McDonough (Doc. 51 & 52).

Under Section 48.181, Florida Statutes, service may be effectuated upon a nonresident of the state or a party who conceals his or her whereabouts in certain circumstances. The statute requires a plaintiff to serve a copy of the summons and complaint on the Secretary of State and, importantly, to provide notice of that service to the defendant by mailing him or her a copy of the process via certified or registered mail. Fla. Stat. §§ 48.161(1), 48.181; *Ferrier v. Atria*, 728 F. App'x 958, 961 (11th Cir. 2018). Namely, "[t]o effectuate proper service of process pursuant to Florida Statutes Section 48.161, a plaintiff must: (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute (*e.g.*, that the defendant is a nonresident subject to the court's jurisdiction who cannot be located despite due diligence or that the defendant is actively concealing his or her whereabouts); (2) serve the Secretary of State by providing him or her (or their delegate) with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide **Notice** of service upon the Secretary of State **to the defendant** by sending him or her a copy of the summons and the complaint **by registered or certified mail**; (5) **file the registered or certified mail return receipt**; and (6) file an affidavit of compliance on or before the return date of the process." *EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (emphasis in original; citations omitted). Though courts may dispense with the filing of a postal receipt if a plaintiff invokes a substituted service statute on the ground that the

defendant is evading service, that does not mean that a plaintiff can simply ignore the requirement. *See id.* at *2. Indeed, given that substituted service is an exception to the general rule requiring that a defendant be personally served, due process requires strict compliance with the statutory provisions. *Id.* (citation omitted). Accordingly, courts excuse the failure to comply with the postal receipt requirement when the record demonstrates that the party to be served deliberately refused to accept delivery. *Id.* (citations omitted).

In this instance, although the record indicates that GPS II and Dr. McDonough may be attempting to evade service of process, such evasion simply provides a basis for use of Florida's substitute service statutes to effectuate service. In order to properly effectuate service via substituted service, Relator must strictly comply with the requirements set forth in the Florida Statutes. Nothing in the record indicates that Relator sent the notice, copy of the summons, or copy of the Complaint by registered or certified mail to either GPS II or Dr. McDonough following service on the Secretary of State. Accordingly, Relator failed to strictly comply with the requirements for substituted service. After consideration, therefore, it is hereby

ORDERED:

1. Relator's Motion for Entry of Court's Default Against Defendants GPS II, LLC and Dr. John McDonough III (Doc. 51) is DENIED WITHOUT PREJUDICE.

2. Relator shall have up to and including January 8, 2020 to effectuate substituted service of process in accordance with Sections 48.181 and 48.161, Florida Statutes. Relator shall re-serve the Florida Secretary of State and send the required notice forthwith. Any renewed request for entry of default against GPS II or Dr. McDonough shall include the postal receipt and the affidavit indicating Relator's strict compliance with the requirements for substituted service under the Florida Statutes.

DONE AND ORDERED in Tampa, Florida, on this 8th day of November, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record